[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11641

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00069 CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN MICHAEL ALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 2, 2007)**

Before DUBINA and BLACK, Circuit Judges, and LIMBAUGH,* District Judge.

PER CURIAM:

_____
*Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

Appellant Stephen Alford ("Alford") and David Fleet, Alford's lawyer, were charged in a thirty-four count superseding indictment with various offenses related to their involvement in a scheme to defraud investors through a deal referred to throughout Alford's trial as the "Land Swap Deal."

Alford presents the following issues for appellate review:

(1)  Whether the government proved Alford devised a scheme and artifice to defraud investors of millions of dollars and made false representations and promises to obtain investors' money as charged in the wire fraud counts in the indictment.

(2)  Whether the district court properly refused on hearsay grounds to admit the handwritten notes of Tom Becnel who was not called as a witness at trial.

(3)  Whether the district court properly exercised its discretion in refusing to grant a mistrial after the jury was exposed to a chart indicating Alford paid money to settle a judgment for embezzlement.

(4)  Whether the district court properly included the entire $12,091,243.88 as reasonably foreseeable pecuniary harm pursuant to USSG § 2B1.1.

(5)  Whether the evidence demonstrated that Alford made unlawful campaign contributions in excess of $25,000, thereby permitting the district court to sentence him to more than two years imprisonment.

2

This court reviews challenges to the sufficiency of the evidence *de novo*. *United States v. Hooshmand*, 931 F.2d 725, 733 (11th Cir. 1991). We must consider the evidence in the light most favorable to the government, and make all inferences and credibility determinations in favor of the jury's verdict. *United States v. Cooper*, 132 F.3d 1400, 1404 (11th Cir. 1998). If there is any reasonable construction of the evidence that would permit the jury to find the defendant guilty beyond a reasonable doubt, this court must affirm the conviction. *Id.*

We review the admissibility of evidence for abuse of discretion. *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002).

"We review a district court's denial of a motion for mistrial for abuse of discretion." *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005).

A challenge to the district court's application of the Sentencing Guidelines presents a mixed question of law and fact. *United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003). This court "review[s] for clear error the district court's determination regarding the amount of loss under the Guidelines." *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we find no merit to any of the arguments Alford makes in this appeal. Accordingly, we affirm his convictions and his total 120-month sentence.

**AFFIRMED.**

3